UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-3436-CV-UNA/TURNOFF

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TRACT NO. 247-05
EAST EVERGLADES

12.50 ACRES OF LAND, MORE OR LESS,
IN THE COUNTY OF MIAMI-DADE, STATE
OF FLORIDA; and PARKLAND HOLDING CO.,
et al., and Unknown Others,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned upon a Joint Motion for the Entry of Stipulated Judgment as to Just Compensation. **[DE 37]**. Upon review of the Motion, the court file, and being otherwise duly advised in the premises, the Court makes the following findings.

On September 14, 2000, Plaintiff filed a Complaint in condemnation pursuant to a declaration of taking against the Defendant property and deposited the sum of $6,250.00, in the registry of the Court representing the amount of estimated just compensation for the taking of same. **[DE 1, 7]**. Upon deposit of said amount into the registry of the Court, title to the subject property vested in the United States of America by operation of law. 40 U.S.C. §3114(b) (2005). Plaintiff made an additional deposit in the amount of $4,062.50, on September 11, 2008. **[DE 38]**.

On Schedule "C" of the Complaint, Defendant Parkland Holding Co., appears as the purported owner of the subject property. **[DE 1, Schedule "C"]**. The following appear as parties "who may have or claim an interest in the land": (a) JJ&G Service, Inc., by virtue of Warranty Deed, dated May 1, 1985, and recorded in O.R.B. 12915, Page 3, in the public records of Miami-Dade County, Fl; (b) Union Planters Bank, N.A., by virtue of Mortgage Deed executed by JJ&G Services, Inc., dated July 31, 1986, and recorded in O.R.B. 13090, Page 1133, in the public

CASE NO: 00-3436-CV-UNA/TURNOFF

records of Miami-Dade County, FL; (c) Ocean Bank f/k/a Global Bank, by virtue of Mortgage Deed executed by JJ&G Services, Inc., dated June 30, 1986, and recorded in O.R.B. 13011, Page 3558, in the public records of Miami-Dade County, FL; (d) City of West Palm Beach, by virtue of Final Judgment and final Order of Forfeiture, dated May 3, 1990, and recorded in O.R.B. 14542, Page 1987, in the public records of Miami-Dade County, FL; (e) Tax Collector, by virtue of a possible lien for real property taxes. Id.

On November 1, 2000, Union Planters Bank, N.A., filed an Answer. **[DE 16]**. On March 31, 2003, the Court entered an Order granting Ocean Bank's Disclaimer and dismissing it from this case. **[DE 32]**. On May 5, 2003, the Court entered an Order granting the City of West Palm Beach's Disclaimer and dismissing it from this case. **[DE 34]**. Moreover, on March 12, 2001, the Court entered an Order Granting Motion to Withdraw Funds for Taxes authorizing payment of $37.84 in outstanding real estate taxes to the Tax Collector. **[DE 27]**. There are no further delinquent taxes associated with the subject property.

Plaintiff filed the instant Motion seeking the entry of a Stipulated Judgment in the amount of $10,312.50, on September 8, 2008. **[DE 37]**. The Court notes that Plaintiff takes no position as to either entitlement or distribution of the funds in question.

On December 9, 2008, this Court entered an Order giving any and all interested parties one final opportunity to file any opposition or response to the instant Motion. **[DE 39]**. The Order clearly provided that, if any of the Party Defendants failed to respond, the Court would presume they have no interest in the subject property. On December 10, 2008, Defendant Parkland Holding Co., filed a response indicating that it was the fee owner of the subject property. **[DE 40]**. No other response or objection has been filed, and the time provided for in the Order has passed.

Consistent with the foregoing, the undersigned finds that Defendant Parkland Holding Co., is the rightful owner of the subject property and that entry of the Stipulated Judgment is appropriate. Accordingly, it is hereby **RESPECTFULLY RECOMMENDED** that the Joint Motion **[DE 37]** be **GRANTED**.

CASE NO: 00-3436-CV-UNA/TURNOFF

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, Chief United States District Court Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F. 2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida, on this 12 day of December 2008.

**William C. Turnoff**
**United States Magistrate Judge**

cc:   Hon. Federico A. Moreno
      Service List